**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

Filed/Docketed
Dec 20, 2017

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| RENFROW, MIRANDA KRISTIN, | ) | **Case No. 17-10385-R** |
| | ) | **Chapter 7** |
| Debtor. | ) | |

_____

| | | |
|---|---|---|
| MIRANDA KRISTIN RENFROW | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Adv. No. 17-1027-R** |
| | ) | |
| COURTNEY GROGAN, | ) | |
| SUCCESSOR TRUSTEE OF THE | ) | |
| JOE C. COLE REVOCABLE | ) | |
| TRUST, UNDER TRUST AGREE- | ) | |
| MENT DATED MARCH 28, 2002, | ) | |
| and ATKINSON, HASKINS, | ) | |
| NELLIS, BRITTINGHAM, GLASS | ) | |
| & FIASCO, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION TO DISMISS

Before the Court is the Defendants' Motion to Dismiss Adversary Complaint & Brief

in Support (Adv. Doc. 19) ("Motion to Dismiss"), filed by Defendants Courtney Grogan,

Successor Trustee of The Joe C. Cole Revocable Trust, under Trust Agreement Dated March

28, 2002 ("Grogan"), and Atkinson, Haskins, Nellis, Brittingham, Glass & Fiasco, P.C.

("Grogan's Counsel") (collectively, "Defendants") on October 16, 2017.  Plaintiff/Debtor

Miranda Kristin Renfrow ("Renfrow") filed her objection to the Motion to Dismiss (Adv.

Doc. 20) on October 26, 2017, and Defendants filed their reply (Adv. Doc. 21) on November 9, 2017.

**Jurisdiction**

The Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334, 157(a), and 157(b)(1) and (2), and Local Civil Rule 84.1(a) of the United States District Court for the Northern District of Oklahoma.

**Summary of allegations set forth in the Corrected Complaint for Violation of the Permanent Discharge Injunction ("Corrected Complaint")[1]**

On March 10, 2017, Renfrow filed for relief under Chapter 7 of the Bankruptcy Code. Renfrow scheduled a contingent, unliquidated, and disputed debt to Grogan. Grogan and Grogan's Counsel were given notice of the bankruptcy. On June 15, 2017, Renfrow was granted a Chapter 7 discharge of all dischargeable debts.[2] Notice of the Order of Discharge was given to Grogan and to Grogan's Counsel.[3]

Prior to the entry of the Order of Discharge, Grogan filed a motion for relief from the automatic stay for the purpose of continuing prosecution of prepetition breach of contract and unjust enrichment claims that were pending against Renfrow and her wholly owed professional corporation, Envision Medical & Surgical Eye Care, P.C. ("Envision") in Tulsa

---

[1]Adv. Doc. 12.

[2]The Order of Discharge is attached to Renfrow's Corrected Complaint as Exhibit C.

[3]The Certificate of Notice is attached to the Corrected Complaint as Exhibit D.

County District Court ("<u>Grogan v. Renfrow</u>").[4]  Grogan filed the motion jointly with creditor

Carrie Pettigrew ("Pettigrew"), who asserted a separate claim against Renfrow in a Tulsa

County District court case that was consolidated with the <u>Grogan v. Renfrow</u> matter for

discovery purposes. In the joint motion, Grogan requested a declaration that Envision, which

had not filed bankruptcy, was not protected by the automatic stay, or in the alternative, an

order modifying the stay to allow Grogan to continue her lawsuit solely against Envision, and

Pettigrew requested relief to allow her to pursue intentional tort claims against Renfrow.

At a hearing held on June 21, 2017, the Court determined that the automatic stay did

not extend to non-debtor Envision and indicated that it would issue a comfort order to that

effect.  The Court further noted that the Order of Discharge had already been entered, which

terminated the automatic stay against Renfrow and rendered the stay relief motion against

her moot.  On July 19, 2017, the Court entered the comfort order as to Envision, and clarified

that while the automatic stay that protected Renfrow had been terminated pursuant to 11

U.S.C. § 362(c)(2)(C), the stay was replaced by the discharge under 11 U.S.C. § 727, the

effect of which is governed by 11 U.S.C. § 524.[5]

On August 1, 2017, Grogan filed a Second Amended Petition in the <u>Grogan v.</u>

<u>Renfrow</u> case.  In the Second Amended Petition, Grogan names both Renfrow and Envision

---

[4]The state court petition filed in the <u>Grogan v. Renfrow</u> matter is attached as Exhibit 3 to the Joint Motion . . . for Relief from the Automatic Stay ("Joint Motion").  The Joint Motion, with all exhibits, is attached to the Corrected Complaint as Exhibit A.

[5]The Order is attached to the Corrected Complaint at Exhibit F.

as defendants in the caption,[6] and alleges that the defendants [*i.e.,* Renfrow and Envision] breached "their promise to repay these additional loans and the principal and outstanding interest are due and payable" or, in the alternative, that defendants [again, Renfrow and Envision] "have been unjustly enriched at the expense of Plaintiff such that restitutionary damages are warranted."[7]   These claims are identical to the prepetition claims Grogan asserted against Renfrow that were discharged.   In her prayer for relief, Grogan seeks a money judgment against Envision *and* against Renfrow individually.

The Second Amended Petition also alleges that after Renfrow filed her bankruptcy petition, she violated the Oklahoma Uniform Fraudulent Transfers Act ("UFTA") by causing Envision to transfer substantial assets to her without the exchange of reasonably equivalent value, for which Grogan seeks a "judgment attaching to all assets transferred by Envision . . . in contravention of the UFTA."[8]

In the Corrected Complaint, Renfrow contends that Grogan and Grogan's Counsel had knowledge of the discharge, that the filing of the Second Amended Petition post-discharge constituted a continuation of an action to collect a discharged debt from Renfrow, that filing the Second Amended Petition was a willful act that violated the discharge injunction, and that Renfrow suffered damages as a result of the violation.[9]   Renfrow also seeks an order under

---

[6]The Second Amended Petition is attached to Corrected Complaint as Exhibit G.

[7]Second Amended Petition, ¶¶ 12, 15.

[8]Id., ¶¶ 16, 17.

[9]Corrected Complaint, ¶¶ 21-35.

11 U.S.C. § 105(a) directing the state court judge to dismiss all actions against Renfrow in the <u>Grogan v. Renfrow</u> case.[10]

### Motion to Dismiss Standard

Under Rule 12(b)(6),[11] a complaint must contain sufficient factual matter, accepted as true and read in the manner most favorable to the plaintiff, to "state a claim that is plausible on it face."[12] Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide only a short and plain statement of the claim "showing" that the plaintiff is entitled to relief.[13] To state a claim for contempt for violating the discharge injunction, a plaintiff must plead facts that could allow a fact-finder to infer that the defendant (1) had actual or constructive knowledge of the discharge injunction and (2) intended the actions that were taken that violated the injunction.[14] Even if the conduct alleged is not specifically prohibited by the discharge injunction, a discharge violation may occur if "the creditor acted in such a

---

[10]<u>Id.</u>, ¶¶ 37-38.

[11]Fed. R. Civ. P. 12(b)(6) is applicable in adversary proceedings by virtue of Bankruptcy Rule 7012(b).

[12]<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677-78 (2009).

[13]"A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a), made applicable in adversary proceedings by Bankruptcy Rule 7008.

[14]<u>Peyrano v. Sotelo (In re Peyrano)</u>, 558 B.R. 451, 457 (Bankr. E.D. Okla. 2016), *aff'd* 2017 WL 2731299 (B.A.P. 10th Cir.).

way as to coerce or harass the debtor improperly, *i.e.*, so as to obtain payment of the discharged debt."[15]

**Analysis**

Grogan and Grogan's Counsel claim that Renfrow's Corrected Complaint fails to establish a discharge violation.  First, they argue that Tenth Circuit precedent holds that a creditor may continue to pursue a case against a discharged debtor if the debtor is named as a nominal defendant in order to recover against a third party.[16]  While that may be true as a general principle, in this case, the Second Amended Petition on its face seeks recovery from Renfrow personally.

Second, Defendants contend that asserting claims against a discharged debtor that arise from post-petition conduct does not violate the discharge injunction.[17]  Again, that is generally true, but the request for a money judgment against Renfrow in the Second Amended Petition does not unequivocally exclude from the judgment the prepetition claims asserted in the body of the petition.

Third, Defendants contend that Renfrow fails to establish a deliberate violation of the discharge.  Although a debtor ultimately has the burden of proving an intentional act that violated the discharge, in the complaint a debtor need only generally assert a defendant's

---

[15] Paul v. Iglehart (In re Paul), 534 F.3d 1303, 1308 (10th Cir. 2008) (quotation marks and citations omitted).

[16] Motion to Dismiss at 6-7, *citing* Paul, 534 F.3d at 1307, 1314.

[17] Motion to Dismiss at 7.

6

state of mind.[18]  In support of their argument that they did not deliberately violate the discharge,[19] Defendants submit facts and materials that are not attached or referred to in the Corrected Complaint, including correspondence between Renfrow's and Grogan's counsel that allegedly occurred before and after Renfrow filed her original Complaint.  In response to the Motion to Dismiss, Renfrow disputes some of the extraneous facts, and in their reply, Defendants defend their version of the facts.

When "matters outside the pleadings are presented to and not excluded by the court, the motion [to dismiss under Rule 12(b)(6)] must be treated as one for summary judgment under Rule 56 [and] [a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."[20]  Summary judgment may be entered if the moving party demonstrates that there is "no genuine dispute as to any material fact" and the movant is "entitled to judgment as a matter of law."[21]  Because the Motion to Dismiss, response, and reply reflect material issues of fact concerning essential elements of Renfrow's claim,

---

[18]See Fed. R. Civ. P. 9(b) (made applicable to adversary proceedings by Bankruptcy Rule 7009) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). See also Phelps v. Wichita Eagle-Beacon, 886 F.2d 1262, 1269-70 (10th Cir. 1989).

[19]The Court notes that a debtor need not prove that the defendant subjectively intended to violate the discharge.  See Paul, 534 F.3d at 1308.  See also In re Slater, 573 B.R. 247, 256 (Bankr. D. Utah 2017) (the creditor's good faith is not relevant to determining whether act violated the discharge injunction).

[20]Fed. R. Civ. P. 12(d), made applicable to adversary proceedings by virtue of Bankruptcy Rule 7012(b).

[21]Fed. R. Civ. P. 56(a), made applicable to adversary proceedings by virtue of Bankruptcy Rule 7056.

summary judgment is not appropriate at this stage.  Because conversion of the Motion to Dismiss to a motion for summary judgment would be futile, and would unnecessarily prolong the disposition of this proceeding,[22] the Court declines to consider the extraneous material in determining whether the Corrected Complaint states a claim for which relief may be granted.

As set forth above, Grogan's Second Amended Petition seeks a judgment *in personam* against Renfrow, and it does not unambiguously exclude from that judgment recovery on the prepetition breach of promise and unjust enrichment claims.  The Corrected Complaint sufficiently and plausibly states a claim for which relief may be granted.  Accordingly, the Motion to Dismiss is denied.  Defendants shall file an answer to the Corrected Complaint within fourteen days of the date of this order.

**SO ORDERED** this 20th day of December, 2017.

DANA L. RASURE
UNITED STATES BANKRUPTCY JUDGE

---

[22]See Charles A. Wright, Arthur R. Miller, et al., 5C FED. PRAC. & PROC. CIV. § 1366 (3d ed.) (Courts exercise discretion as to whether to rely on extraneous materials or to reject such materials based on whether conversion to summary judgment "is likely to facilitate the disposition of the action.").