UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
Nov 28, 2018

| | |
|---|---|
| IN RE ) | |
| ) | |
| RENFROW, MIRANDA KRISTIN, ) | Case No. 17-10385-R |
| ) | Chapter 7 |
| Debtor. ) | |

| | |
|---|---|
| MIRANDA KRISTIN RENFROW ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Adv. No. 17-1027-R |
| ) | |
| COURTNEY GROGAN, ) | |
| SUCCESSOR TRUSTEE OF THE ) | |
| JOE C. COLE REVOCABLE ) | |
| TRUST, UNDER TRUST AGREE- ) | |
| MENT DATED MARCH 28, 2002, ) | |
| and ATKINSON, HASKINS, ) | |
| NELLIS, BRITTINGHAM, GLASS ) | |
| & FIASCO, P.C., ) | |
| ) | |
| Defendants. ) | |

## ORDER DENYING DEFENDANTS' MOTION TO DISQUALIFY RON BROWN

Before the Court is the Defendants' Motion to Disqualify Ron Brown as Counsel for Plaintiff (Doc. 70) ("Motion to Disqualify Brown") filed on November 21, 2018, by Defendants Courtney Grogan, Successor Trustee of the Joe C. Cole Revocable Trust ("Grogan") and Atkinson, Haskins, Nellis, Brittingham, Glass & Fiasco, P.C. ("AHN") (collectively, "Defendants" or "Movants"), and Ron Brown's Response thereto (Doc. 71) filed on November 25, 2018.

**I.      Jurisdiction**

The Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334, 157(a), and 157(b)(1) and (2), and Local Civil Rule 84.1(a) of the United States District Court for the Northern District of Oklahoma.

**II.     Background**

In 2016, Grogan sued Plaintiff Miranda Renfrow and her wholly owned corporation in Tulsa County District Court, alleging a breach of contract and unjust enrichment (the "Grogan Action"). In March 2017, Renfrow filed for relief under Chapter 7 of the Bankruptcy Code. She obtained a discharge in June 2017.

In August 2017, AHN, on behalf of Grogan, filed a Second Amended Petition against Renfrow and her corporation in the Grogan Action. In August 2017, Renfrow retained her bankruptcy attorney, Ron Brown, to defend her and her corporation in the Grogan Action. In August 2017, Renfrow also retained Brown to file the original complaint in this adversary proceeding, wherein she alleged that in the Second Amended Petition, Grogan sought to collect prepetition debts in violation of Renfrow's discharge. The Grogan Action proceeded and was tried to a jury in state court in December 2017. Brown represented Renfrow and her corporation at trial. Grogan obtained a jury verdict and judgment that imposed personal liability on Renfrow under the Uniform Fraudulent Transfer Act ("UFTA") (the "Judgment"). Renfrow amended her complaint in this proceeding in January 2018 to allege that Defendants' closing argument to the jury in the Grogan Action constituted an act to collect or recover prepetition debts.

On September 11, 2018, Defendants filed a motion for summary judgment seeking dismissal of this proceeding for lack of jurisdiction under the Rooker-Feldman doctrine, or, in the alternative, judgment in Defendants' favor on the ground that the jury verdict and Judgment barred Renfrow from relitigating whether the debt reduced to judgment was a discharged debt.  Defendants also argued that Renfrow could not show that Defendants intended to violate the discharge injunction.  Finally, Grogan, individually, sought judgment in her favor on the basis that she acted on the advice of her counsel, AHN, and therefore did not intend to violate the discharge injunction.

On November 13, 2018, the Court heard oral argument on the summary judgment motion and Renfrow's response thereto.  On November 20, 2018, the Court entered an order denying summary judgment.  The Court concluded that under the Exxon Mobil case decided by the United States Supreme Court,[1] the Rooker-Feldman doctrine was inapplicable because Renfrow had commenced this adversary proceeding prior to the entry of the Judgment.  The Court also concluded that under Oklahoma issue preclusion law, Defendants had not established all the elements required to preclude Renfrow from seeking a declaration from this Court that Defendants' conduct in the Grogan Action violated this Court's discharge injunction.  Elements not established by undisputed facts and applicable law included the requirements that the Judgment be valid and final, and that Renfrow had a full and fair opportunity to litigate.  Defendants had not included the judgment roll of the Grogan Action in their record on summary judgment.

---

[1] Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005).

Trial on the merits in this adversary proceeding is set for November 29, 2018. The parties submitted a proposed pretrial order to the Court on October 31, 2018. A pretrial conference was held on November 20, 2018. During the pretrial conference, Defendants orally moved for a continuance of the trial because they had not obtained the transcript of the entire Grogan Action trial to support their issue preclusion defense. Renfrow objected to a continuance, and the Court denied the oral motion as untimely. Defendants filed their Motion to Disqualify Brown on November 21, 2018.

### III.   Contentions

Movants argue that Brown must be disqualified as counsel for Renfrow because, after the Court denied their motion for summary judgment and denied their motion to continue the trial to allow them to obtain the transcript in the Grogan Action, Brown became a necessary witness as to what occurred during the trial of the Grogan Action. They contend that under Oklahoma Rule of Professional Conduct 3.7, which precludes an attorney from acting "as advocate at a trial in which the lawyer is likely to be a necessary witness," the Court should preclude Brown from acting as counsel to Renfrow.

Brown and his client, Renfrow, object to the motion. Brown states that he expects his testimony will be generally about uncontested matters and about the nature and value of legal services, and that Movants' allegations that Brown's testimony will be of disputed issues of fact is pure speculation. Brown and Renfrow also claim that the motion is untimely and that disqualification of Brown will impose a substantial hardship on Renfrow.

**IV.     Analysis**

Counsel practicing before this Court are subject to the Oklahoma Rules of Professional Conduct ("ORPC").[2]  ORPC 3.7 provides–

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> > (1) the testimony relates to an uncontested issue;
>
> > (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
> > (3) disqualification of the lawyer would work substantial hardship on the client.

Brown will testify about uncontested issues and about the nature and value of his services.  That testimony does not disqualify him under ORPC 3.7 from acting as Renfrow's trial counsel.  To the extent other testimony will be elicited, the Court must determine whether disqualification of Brown as Renfrow's counsel would work a substantial hardship on Renfrow.

The Comments to OPRC 3.7 suggest elements the Court may weigh and balance in determining whether disqualifying a lawyer from advocating at trial would work substantial hardship on the lawyer's client.

> [P]aragraph (a)(3) recognizes that a balancing is required between the interests of the client and those of the tribunal and the opposing party. Whether the tribunal is likely to be misled or the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict

---

[2]The ORPC are incorporated into this Court's Local Rules by Bankr. N.D. Okla. LR 9010-1(E).

with that of other witnesses. Even if there is risk of such prejudice, in determining whether the lawyer should be disqualified due regard must be given to the effect of disqualification on the lawyer's client. It is relevant that one or both parties could reasonably foresee that the lawyer would probably be a witness.[3]

First, the Court finds that it is not likely that it will be misled by allowing Brown to act as counsel to Renfrow and also allowing him to testify about matters within his personal knowledge. Judges are well equipped to separate a lawyer's testimony from his argument, so any concern about confusion, or about the integrity of the judicial system, is not a factor here.

Movants do not clearly state how they are likely to suffer prejudice if Brown is allowed to continue representing Renfrow at trial. Movants claim to be surprised by the Court's denial of their motion for summary judgment, and aggrieved by the Court's denial of their oral motion to continue the trial. But they do not explain how disqualifying Brown from representing his client at trial would redress any prejudice.

In interpreting and applying rules of professional ethics, the Court must consider, above all, the effect on the lawyer's client. Renfrow would suffer a substantial hardship if Brown were disqualified from acting as trial counsel. Brown has been Renfrow's counsel throughout the course of this proceeding and in the Grogan Action. Brown is a sole practitioner and has been, for the most part, the only lawyer involved in this proceeding. Although lawyer Greggory Colpitts entered an appearance in this proceeding on May 31, 2018, the parties have known for some time that Mr. Colpitts was unavailable on the date of

---

[3] Comment 4 to ORPC 3.7.

trial and would not act as trial counsel. The attorney who will be questioning Brown at trial, Joel LaCourse, had not yet entered an appearance as of the date the Motion to Disqualify Brown was filed. Mr. LaCourse cannot be expected to fully absorb the complicated facts and legal issues in this case, to discern and defend the relevance of Renfrow's exhibits, to question witnesses other than Brown, or to otherwise adequately prepare for trial on November 29, 2018. To disqualify Brown at this late date would be prejudicial to Renfrow as it would result in unwarranted delay, additional and duplicative expenses, and a denial of her right to counsel of her choice.

The prejudice to Renfrow arises for the most part from the untimeliness of the motion. Movants argue that it was not until the Court denied their motion for summary judgment and denied their oral request for a continuance that it became clear that Brown would have to testify about what happened in the Grogan Action. Movants contend that "the Court *sua sponte* raised issues never previously raised by Plaintiff which will dramatically change the nature and extent of Brown's testimony, namely: (1) whether Plaintiff had a full and fair opportunity to litigate the bankruptcy discharge defense and (2) whether the judgment in the Grogan Action is valid." Motion at 3, ¶ 6.

Whether Renfrow's discharge violation claim was precluded by the entry of the Judgment has been at issue, front and center, since January 2018, however.[4] Movants'

---

[4] See Defendants' Response and Objection to Plaintiff's Motion to Amend Complaint (Doc. 27) filed on January 29, 2018, at 3-4, wherein Defendants argued:

> The publicly available record in the underlying case demonstrates Defendants neither sought nor recovered any amounts for Plaintiff's pre-petition conduct

obligation to prove each and every element of issue preclusion at trial should not have been a surprise. The elements of issue preclusion under Oklahoma law are firmly established, and include the requirements of a valid, final judgment and a full and fair opportunity to litigate.[5] When Movants sought summary judgment based upon issue preclusion, they had the burden of establishing with undisputed facts all elements of their defense. Their record on summary judgment was deficient in that it did not contain the entire judgment roll,[6] so the Court could not determine whether Renfrow had a full and fair opportunity to litigate in the Grogan Action. Further, the record did not establish that the Judgment was a valid, final judgment; in fact, it is undisputed that an appeal of the Judgment is pending. The Court did not raise new issues; it simply stated the reasons Movants were not entitled to summary judgment. Movants knew or should have known the elements of their defense, that they had the burden to prove each element, and that the entire judgment roll was required as evidence. Nothing

---

at the trial of the underlying case, and Plaintiff cannot ever prove Defendants sought such damages. As such, Plaintiff's proposed amendment fails on its face, and Plaintiff should be denied leave to amend her Complaint to add claims that Defendants attempted to collect against Plaintiff for pre-petition conduct at trial.

[5]See Salazar v. City of Oklahoma City, 1999 OK 20, 976 P.2d 1056, 1060–61; Nealis v. Baird, 1999 OK 98, 996 P.2d 438, 458 and n.86.

[6]See Salazar, 976 P.2d at 1061 ("Any controversy over the meaning and preclusive force to be accorded [to the prior court's decision] must be resolved by resort solely to the face of the judgment roll.")

stated in the order denying summary judgment "dramatically change[d] the nature and extent of Brown's testimony." Motion at 3, ¶ 6.[7]

Further, Movants had notice before the Court denied summary judgment that Brown might be testifying about events that occurred at trial in the Grogan Action. In the proposed pretrial order the parties submitted on October 31, 2018, Renfrow listed Brown as a witness and summarized his testimony as follows: "All fact[s] of Complaint, including communication between counsel and AHN and *events at trial*." Defendants also listed Brown as a witness and summarized his testimony as: "All fact[s] of Second Amended Complaint and alleged damages."

From the commencement of this litigation, Defendants should have reasonably foreseen that Brown would be a necessary fact witness at trial. Brown, acting on behalf of Renfrow, was the person communicating with AHN prior to and after the original complaint in this proceeding was filed. Brown attended pretrial conferences in the Grogan Action. Brown acted as trial counsel in the Grogan Action. It was reasonably foreseeable that fees incurred by Renfrow for Brown's representation in both proceedings would be asserted as

---

[7]What did change was Movants' realization that without a full trial transcript of the Grogan Action, they would have to rely on the recollection of the parties and lawyers to establish events during the trial that are not contained in the partial transcripts currently available. They contend that Brown's testimony in that regard *may* be hotly contested. Brown's recollection would not even be relevant if Movants had timely ordered and obtained a full trial transcript to support their issue preclusion defense, however. The need for Brown's testimony on potentially disputed issues is a situation Movants created. Movants' interest in potentially undermining Brown's testimony about what happened at the Grogan Action trial is significantly outweighed by Renfrow's interest in having her long time counsel try her case in this proceeding.

damages.  Yet Movants waited until the week before trial to file their Motion to Disqualify Brown.

V.	**Conclusion**

In balancing the interests of Renfrow, Movants, and the judicial system, the Court finds and concludes that disqualifying Brown as Renfrow's trial counsel would result in substantial hardship to Renfrow.  Accordingly, disqualification of counsel is not required under ORPC 3.7 and the Motion to Disqualify Brown is denied.

**SO ORDERED** this 28th day of November, 2018.

DANA L. RASURE, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT